On Rehearing.
(June 29, 1903.)
Plaintiff, in his application for rehearing, urges grounds which have been argued at bar, and which were afterwards discussed by the court.
The court, in the decision, did not think that the new wall should give rise to any right in the nature of compensation or set-off. The court thought that each part of plaintiff’s building should be restored as nearly as possible as it was before the wall was taken down, and upon that theory ordered the reinstatement as was done, and adheres to its views in that respect.
The amount it would take to make these repairs did not appear sufficiently sustained to justify us in granting judgment for specific sum.
Plaintiff particularly claims an amount for the demolished portion of the building, which, she says, cannot be restored or reinstated. We have considered this point as thoroughly as we could. The testimony does not sustain the demand. It is too general in its character to confine any portion of it to this demand and decide that an amount is due therefor.
Besides, when this further claim is pressed upon our attention, we recall the testimony which establishes that plaintiff’s building is resting on the new wall; that the building is worth at least as much as it was before it was taken down; that the rental she collects is the same in amount as it was prior to the demolishing of the wall; and we conclude, in view of this fact, that plaintiff’s demand for this special item should be amply sustained. It is not.
In one respect we think our judgment should be amended. We have arrived at the conclusion that plaintiff’s right for which she sued and which is recognized by this court, is substantial, and should carry with it costs of both courts, and our judgment will be amended so as to allow to plaintiff right to tlie costs- of both courts. The right of plaintiff is recognized in such a way and to such an extent as entitles plaintiff to costs. It is, in effect, a judgment ordering repairs to be made.
The court is unanimously of opinion that this amendment can be made without grant *610 ing a rehearing. The question has been thoroughly considered from that point of view, and, there being not the least question in the mind of the court but that plaintiff is entitled to cost, it is granted without granting a rehearing.
It is therefore ordered, adjudged, and decreed that defendant be, and he is hereby, condemned to pay the costs of appeal and the cost of the district court as well.
As amended, our judgment remains.
Rehearing is refused.